STATE ex rel. TALLMADGE vs. FLINT, County Judge, &c.

On an appeal from an order of a county judge appointing a guardian of the person and estate of an alleged drunkard, where the property in the hands of the guardian was of the value of about $60,000, it was not an abuse of discretion for the judge to refuse an appeal bond in the sum of only $500.

The appeal bond in such a case should run to the guardian and not to the county judge.

On application of a party desiring to appeal from an order of the county judge, the circuit court may make an order directing such judge to fix the penalty of the appeal bond, or to approve the bond, if he improperly refuses to do so; or may itself fix the penalty and approve the bond, so that the right of appeal shall not be lost. A *mandamus* will not, therefore, be granted by this court in such a case.

APPLICATION for a *Mandamus.*

On the petition of Mary E. Tallmadge, the county judge of Fond du Lac county, on the 18th of July, 1864, made an order appointing one Selim Newton guardian of the person and estate of the relator, on the ground of his incompetency, by reason of intemperance, to manage his own property. The petition stated, among other things, that the relator had a wife, and nine children between the ages of two and nineteen years; and that he was in possession of a farm worth twelve or thirteen thousand dollars, and of personal property worth six thousand dollars, "aside from an annual income from a trust estate, which will amount to about three thousand dollars." The relator thereupon gave notice in writing to said judge of an appeal from said order to the circuit court, assigning in said notice

the grounds of his appeal.   In his affidavit for a *mandamus* he states that, within sixty days after the entry of said order, he also applied to said county judge to determine the amount of the bond which he should give to perfect his appeal, and the judge declined to do so; that he thereupon caused to be prepared said notice of appeal, and also an appeal bond (a copy of which is annexed to the affidavit), and requested him to approve of said bond, and to allow the appeal, which said judge refused, and declared that he would not approve a bond for that purpose in a sum less than sixty thousand dollars; that at the same time affiant caused to be presented to said judge an order, as required by sec. 26, ch. 117, R. S., directing affiant to give notice of his appeal to the adverse parties in a manner therein specified, but the judge refused to sign such order.

An alternative *mandamus* having issued, the return of said county judge states, *inter alia*, that at the time the order appointing a guardian for the relator was made, " it was intimated by the counsel for the said relator, that an appeal would probably be taken from said order, when the counsel for the said Mary E. Tallmadge" intimated to [said judge] that upon the question of the amount of bonds that should be required on such appeal he desired to be heard—the property involved in the controversy amounting to about sixty thousand dollars or more; that [the respondent] informed said counsel that if such notice of appeal was given, he would fix a time, and cause notice to be given, that he might be heard before fixing the amount of bail, and also as to the sufficiencies of the sureties offered; that all of said proceedings were openly had in the presence of the counsel of the relator, and well understood by him, as [the respondent] believes, and were not objected to ; that [the respondent] is not aware of any application being made to him to fix the amount of bail on the said appeal, and no such application was made ; that had any such application been made, he would have fixed the time and place of hearing,

and caused the counsel for the appellant and respondent to be notified thereof;" that, on &c., the relator handed to him the bond, notice of appeal and blank order above described, to sign, and that he declined to approve the bond "for the reason that he did not regard the same as sufficient in amount, nor the sureties therein responsible;" and that his decision was on the same day duly indorsed on said bond.

The relator moved for a peremptory writ.

*Blair & Coleman*, for the relator.

*J. M. Gillett*, for the respondent.

*By the Court*, DIXON, C. J. There are three reasons for denying the writ:

1. It is no abuse of discretion on the part of the county judge to refuse a bond in the sum of $500. The value of the property in the hands of the guardian is about $60,000, and should an appeal be perfected and the property go back to the hands of the relator, the damages occasioned might far exceed the penal sum named in the bond.

2. The bond runs to the petitioner before the county judge. It should have been executed to the guardian, who, after his appointment and qualification, may properly be denominated "the adverse party." He is the representative of all the persons adversely interested, and the proper party to receive securities for their benefit.

3. The relator, by taking the proper steps to appeal, has ample remedy by application to the circuit court for an order that the county judge fix the penalty or approve the bond in case he improperly refuses when applied to by the relator; or the circuit court may itself fix the penalty and approve the bond, so that the right of appeal shall not be lost.

The circuit court has, by the constitution, "appellate jurisdiction from all inferior courts and tribunals, and a supervisory control over the same," and we have no doubt that, under the statute and in furtherance of the intention of the legislature,

it has full power to provide that the appeal shall not be defeated by the improper refusal of the county judge.

Writ denied.