In re Guardianship of Welch.

In re Guardianship of Welch.

*November 20 — December 7, 1900.*

*Guardianship: Mental incompetency: Appeal from county court: Notice: "Adverse party:" Costs: Evidence: Opinions of nonexperts: Advisory verdict: Immaterial errors.*

1. Only with great hesitation should courts, by the appointment of a guardian, interfere with the discretion of elderly people, owing no legal duty of support to any one, in devoting the property accumulated by them to their comfort according to their own tastes.

2. If an appeal by an alleged incompetent person from an order of the county court appointing a guardian for him is taken before the guardian has qualified by giving bond as required by sec. 3981, Stats. 1898, service of notice of the appeal upon the attorney for the petitioners, in pursuance of an order of the court, is a sufficient compliance with sec. 4030 (requiring notice of appeal to be served on the *adverse party*), to give the circuit court jurisdiction of the appeal.

3. A proceeding for the appointment of a guardian being a "special proceeding," costs may be awarded against the petitioners under

In re Guardianship of Welch.

subd. 7, sec. 2918, Stats. 1898 (providing that in "special proceed-
ings costs may be allowed or not to any party, in whole or in part,
in the discretion of the court." Sec. 2932 (providing for the pay-
ment of the costs out of the estate "in any *action* prosecuted or
defended by an executor," etc.) applies to "actions" only.

4. Although, on questions of mental competency, a nonexpert witness
who has related specific transactions with or conduct of the alleged
incompetent may state by way of opinion the impression as to
competency or incompetency conveyed to him by such conduct,
the admission of such an opinion is largely discretionary with the
trial court.

5. Errors in the instructions to the jury and in the form of the ques-
tions submitted for an advisory verdict are immaterial, where the
finding of the court is sustained by the evidence, regardless of the
verdict.

APPEAL from a judgment of the circuit court for Milwau-
kee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

Petition for the appointment of a guardian of *Alfred H.
Welch,* made originally by Eliza Murdock, a sister resident.
in Indiana, and one *Joseph A. Warren,* a friend, alleging said
*Welch's* incompetence to manage his property by reason of
his extreme old age, failing health, and mental inability.
After trial the county court made an order appointing one
Robbins as guardian, and providing that upon taking oath
and filing bond letters of guardianship should issue to him.
Before he had qualified, *Welch* filed notice of appeal, and the
court ordered that the same be served upon the petitioners.
Eliza Murdock and *Joseph A. Warren* by serving a copy of
the county judge's order and of said notice upon Frank B.
Van Valkenburgh, their attorney, which service was accord-
ingly made.

The case was tried in the circuit court with the aid of a
jury, and the jury found, in response to a question, that said
*Welch* was not, by reason of his extreme old age, failing
health, and mental inability, incompetent to have the charge
and management of his property.  Various exceptions were
taken to the admission and exclusion of evidence, to instruc-

tions to the jury, and to the refusal of the court to submit a question suggested by petitioner's attorney.

After the coming in of the verdict, but before filing findings, the petitioner *Warren* moved the court to set aside the verdict of the jury and to dismiss the appeal because the court had not jurisdiction, because the verdict was contrary to law and evidence, because of refusals to admit and to exclude evidence, and because of errors in the charge and errors in submitting and refusing to submit questions to the jury.

Thereafter the court filed its findings of fact to the effect that said *Welch* was not incompetent, but was fully competent to have the charge and management of his estate and of his own affairs, whereupon judgment was entered that the order of the county court be reversed, and the matter be remanded to that court with directions to dismiss the application on the merits, and in its discretion to award costs in that court in favor of *Welch* and against *Warren;* also for the recovery by *Welch* of and from *Warren* of the taxable costs in the circuit court. From that judgment said *Warren* appealed to this court.

*Frank B. Van Valkenburgh,* for the appellant, contended, *inter alia,* that the circuit court had no jurisdiction of this matter. The petitioner *Warren* never had any interest in the matter except to set the machinery of the court in motion. When the guardian was *appointed, Warren's* interest therein and connection therewith ceased. From that moment the guardian alone was the adverse party to the proceeding. Notice to *Warren* was of no avail to the guardian, and he has been discharged from his office as guardian without notice and without having his day in court. The circuit court should have dismissed the appeal. *Wheeler v. Harts horn,* 40 Wis. 83, and cases cited; *Tryon v. Farnsworth,* 30 Wis. 582; *Rogers v. Shove,* 98 Wis. 271, and cases cited; *Thompson v. Ellsworth,* 1 Barb. Ch. 627; *Crowns v. Forest*

In re Guardianship of Welch.

*L. Co.* 99 Wis. 105; *Appeal of Royston,* 53 Wis. 612, and cases cited; *Henk v. Baumann,* 100 Wis. 28; *Telford v. Ashland,* 100 Wis. 238, and cases cited; *State ex rel. Tallmadge v. Flint,* 19 Wis. 621, 623; *Nelson v. Clongland,* 15 Wis. 392; *Thompson v. Thompson,* 24 Wis. 515; *Appeal of Mullins,* 40 Wis. 154; *Perkins v. Shadbolt,* 44 Wis. 574; *Kasson v. Estate of Brocker,* 47 Wis. 79; *Betts v. Sholton,* 24 Wis. 306. The entry of judgment against *Warren* for costs in the circuit court was clearly erroneous. Secs. 2932, 3976, 3981, 3993, Stats. 1898; *Barbo v. Rider,* 67 Wis. 598, 607; 3 Witthaus & B. Med. Jur. 530, and cases cited; *Malone's Appeal,* 74 Pa. St. 481; Gary., Probate Law, § 937, and cases cited; *Ladd v. Anderson,* 58 Wis. 591; *Estate of Cole,* 102 Wis. 1, 12.

For the respondent there was a brief by *Winkler, Flandders, Smith, Bottum & Vilas,* and oral argument by *J. G. Flanders.*

Dodge, J.   1. The general merits of this appeal present no difficulty. The conclusion of the circuit court that *Alfred H. Welch* was competent to manage his own affairs is not only not opposed to the great preponderance of the evidence, but overwhelmingly supported thereby. Had an opposite decision been reached, we think it could not have been sustained unless, perhaps, on the assumption that the appearance of *Welch* himself, not possible to present before us, negatived belief in his competency. We do not need to review the evidence, but perhaps should suggest that only with great hesitation should courts interfere with the discretion of elderly people, owing no legal duty of support to any one, in devoting the property accumulated by them to their own comfort according to their own taste.

The respondent here was applying the rents of his sixty-acre farm to secure to him thereon a home suited to his tastes, with people whose society he enjoyed, in whom he placed confidence, and toward whom he felt affection; a

In re Guardianship of Welch.

home upon the farm which he had reclaimed from the wilderness, and which more than forty years of occupancy had endeared to him; one, too, where a life habit of industry might be indulged entirely in his own choice and manner. Against such considerations as these it matters not that, in the opinions of some neighbors, the reasonable rental value of the farm, added to the reasonable value of *Welch's* own labor, was greater than the reasonable charge for his board. If there were sentimental considerations connected with this home and this family which tended to enhance the comfort and happiness of this octogenarian, what higher wisdom could he have shown than to devote his income to the purchase of that happiness, although not worth the price in the opinion of others? The whole case shows this to have been the deliberate purpose of *Welch*, after some unpleasant experiments in other directions, and that, while his dealings with his tenant and friend Dougherty were characterized by some, perhaps unnecessary, liberality, he kept steadfast to his purpose to retain his sixty acres, now become a fortune variously estimated from $30,000 upward, and to make the income thereof supply his wants and comforts; a most commendable plan, which should not be interfered with without very clear evidence of mental incompetency to carry it out, which we do not find in the record.

2. It is contended by appellant here that the circuit court erred in refusing to dismiss the appeal to it on the ground of noncompliance with the statute requiring notice of appeal to be served on the adverse party. Sec. 4033, Stats. 1898. *Welch* gave to the county court notice of appeal, whereupon that court, in pursuance of its statutory duty, made order for service by delivery of copies of notice and order to Mr. Van Valkenburgh, as the attorney for petitioners, naming them, which order was complied with. Was the statute thus satisfied? Clearly, it is the policy that one adjudged incompetent have right of appeal. That right

must be exercised within a limited time. The person to whom notice is to be given must be one ascertainable within such time; nay, should be a person ascertainable at once, for, if the decision of the county court is wrong, control of property ought not to pass out of the owner, and immediate stay of proceedings should be possible. Who, then, within the contemplation of the statute, is adverse to the liberty and independence of the alleged incompetent at the time of the decision? Relator answers, the guardian. But there is no guardian at the moment. Sec. 3966, Stats. 1898, provides that, "before appointing any person guardian of a minor, the court shall require such person to give a bond," etc., which provision, by sec. 3981, is made applicable to guardians of incompetents. See somewhat analogous question as to executors, in *In re Will of Somervaill*, 104 Wis. 72. At the time respondent gave notice of appeal, Robbins had not qualified as guardian, and might never do so. He had a perfect right to decline to become adverse to *Welch's* autonomy. Until he had accepted and by bond bound himself to performance of the duties of a guardian, he was no fit person to represent such adverse interests. Obviously, until such acts on his part he was in no sense an adverse party. *State ex rel. Tallmadge v. Flint*, 19 Wis. 621, is not in conflict with this view, for that case holds that only after appointment *and qualification* the guardian represents the adverse interests. The situation in a guardianship proceeding is, of course, somewhat anomalous, for in one sense there are not two antagonistic sides to it. The person who by petition arouses the jurisdiction and duty of the county court may have nothing inimical in sentiment or interest to the alleged incompetent. He may be actuated purely by desire to benefit the latter or to protect the public at large. Nevertheless, he, by his own volition, assumes an attitude of practical antagonism to the freedom of the other, however benevolent his motives; and we perceive no reason why he

does not more nearly than any one else meet the statutory designation of the adverse party up to the time when a duly appointed and qualified guardian accepts that position and assumes its duties. The service of notice of appeal was sufficient.

3. Error is assigned for that the circuit court rendered judgment for costs against the respondent there, the appellant here; and sec. 2932, Stats. 1898, is invoked as requiring costs to be payable out of the estate involved, unless bad faith or mismanagement be expressly found. That position is supported by *Wiesmann v. Brighton*, 83 Wis. 550, and cases there cited, if the guardianship proceeding in circuit court is controlled by that section,— a question not yet decided by this court. Costs are the creature of statute, cannot be allowed in the absence of express statute, and, when such statute exists, must be allowed according to its terms. Ch. 129, Stats. 1898, controls the general question of costs in circuit courts. Therein we find sec. 2918, subd. 7, providing that "in all equitable actions and special proceedings costs may be allowed or not to any party, in whole or in part, in the discretion of the court." In the same chapter is sec. 2932, with the provision as to payment of costs out of the estate "in *an action* prosecuted or defended by an executor," etc. "Remedies in courts of justice are divided into: (1) Actions; (2) special proceedings." Sec. 2594, Stats. 1898. "An action is an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong or the punishment of a public offense." "Every other remedy is a special preceeding." Secs. 2595, 2596. The application for appointment of a guardian is clearly a special proceeding. The distinction between actions and special proceedings has, with few exceptions, been preserved in the framing of our statutes; and when the legislature, in enacting our present revision, *ex industria* made

sec. 2918 include special proceedings, and refrained from so extending sec. 2932, the purpose to distinguish the scope of one from the other should be presumed, and the court should not give to the latter section an extension which the legislature withheld from it, but should apply it according to its words to actions only. No other statute is suggested by which the court had either duty or power to order costs awarded against the petitioner to be paid out of the estate. On the other hand, sec. 2918 expressly invested the court with discretion to allow costs in this proceeding against the present appellant, and no facts appear to warrant us in holding that discretion to have been abused.

4. Errors are also assigned upon the exclusion of the opinions of certain nonexpert witnesses as to *Welch's* competency. In all but one of such excepted rulings the only foundation laid was proof of acquaintance and familiarity. In one instance, however, a witness (Robbins), having related a lengthy conversation, was asked: " *Q.* Did you, from your conversation with him, based upon that, form an opinion as to whether he was competent, and had been, to do business?" Under the rule that on questions of mental competency a witness, though nonexpert, who has related specific transactions with or conduct of the alleged incompetent may state, by way of opinion, the impression as to competency or incompetency conveyed to him by such conduct (*Crawford v. Christian*, 102 Wis. 51; note to *Ryder v. State* [Ga.], 38 L. R. A. 721), the question to Robbins might well have been allowed; but its exclusion was not such error as to necessitate reversal. The admission of such opinions is largely discretionary with the trial court. *Boorman v. N. W. M. R. Asso.* 90 Wis. 144, 150. The conversation related by Robbins could have been of little aid in forming an opinion as to *Welch's* present competency or business capacity. It consisted of a narrative or history of his removal to Wisconsin when a young man, and of circumstances attending the

acquisition of his farm, more than fifty years old. The court might well have considered an opinion based thereon quite immaterial to the issue on trial, and have excluded it without abuse of discretion. Further, the acceptance in evidence of the opinion of this witness could have had no effect. It could not have aided the court, for the same history was related by *Welch* at least twice in its presence, and under circumstances of cross-examination and repetition such that the court's opportunity to draw conclusions therefrom was much better than any which the witness Robbins enjoyed.

The admission of opinions from two witnesses offered by *Welch*, upon somewhat doubtful foundation, must be held innocuous for the reasons above stated, as well as because, even if excluded, the whole evidence would still have been overwhelmingly in favor of the finding of competency.

Certain other rulings on evidence complained of by appellant may be passed without discussion, for, whether right or wrong, they are of but trifling materiality and could not have affected the decision.

Errors assigned upon certain instructions given to the jury and upon the form of the question submitted to them are immaterial, since the verdict of the jury was advisory merely, and the finding made by the court is fully sustained by the evidence regardless of that verdict. *Barbo v. Rider*, 67 Wis. 598, 607.

On the whole record, we are convinced that the decision appealed from was right.

*By the Court.*— Judgment affirmed.