In re Guardianship of O'Connor: O'Connor, Appellant,
vs. O'Niel, Defendant: La Crosse Trust Company,
Respondent.

*December 2, 1941—January 13, 1942.*

*Albert C. Wolfe* of La Crosse, for the appellant.

*George T. Doherty* and *Lawrence J. Brody,* both of La Crosse, for the respondent.

FAIRCHILD, J.   While the evidence accepted as controlling by the county court sustains the finding that appellant is mentally incapable of managing and protecting his own property, it does not sufficiently show physical infirmities to warrant a conclusion that a guardian of his person is required.

Appellant has devoted his life to service in a high calling. For many years as a priest of the Roman Catholic church he has followed a manner of life that has built up strongly formed habits and placed him in favorable surroundings.   All these facts, considered in connection with his present capacity of taking physical care of himself, do not present a case for placing his person in the custody of a guardian.   It appears, rather, that the assistance available and which is provided by him together with the income from his property when properly managed by the guardian of his estate will enable him to pursue his usual method of life and enjoy the reasonable comforts and independence he has been used to.   Although

not capable of handling his business affairs, he appears to be sufficiently in possession of faculties so that no urgent reasons exist for restricting his right of liberty. His tastes and daily practices ought not to be encroached upon by placing his person in the custody of a guardian. *Guardianship of Welch,* 108 Wis. 387, 84 N. W. 550; *Guardianship of Warner,* 232 Wis. 467, 287 N. W. 803.

It is considered that the findings that he is so physically infirm as to be unable to take care of himself is against the great weight and clear preponderance of the evidence and the order, so far as it is based on that finding, is not sustained.

*By the Court.*—Order modified so as to limit the appointment of the guardian to the estate and revoke that portion thereof which places the appellant's person under guardianship, and as so modified is affirmed.

FRITZ and MARTIN, JJ., dissent from that part of the mandate which affirms the order as modified thereby.