IN the MATTER OF the GUARDIANSHIP AND PROTECTIVE PLACEMENT OF EVELYN O., Alleged Incompetent:

COMMUNITY CARE ORGANIZATION OF MILWAUKEE COUNTY, INC., Petitioner-Respondent,†

v.

EVELYN O., by her Guardian ad Litem, Patricia M. Cavey, Respondent-Appellant. [Case No. 96–2108]

IN the MATTER OF the GUARDIANSHIP AND PROTECTIVE PLACEMENT OF THYRA K., Alleged Incompetent:

THYRA K., by her Guardian ad Litem, Patricia M. Cavey, Respondent-Appellant,

THYRA K., Co-Appellant,

v.

COMMUNITY CARE ORGANIZATION OF MILWAUKEE COUNTY, INC., Petitioner-Respondent.† [Case No. 96–3254]

Court of Appeals

*Nos. 96–2108, 96–3254. Submitted on briefs October 7, 1997.—Decided October 28, 1997.*

(Also reported in 571 N.W.2d 700.)

---

†Petition to review denied.

On behalf of the respondent-appellant Evelyn O. and respondent-appellant Thyra K. by their guardian ad litem, the cause was submitted on the briefs of *Patricia M. Cavey* of the *Mental Disability Law Center* of Milwaukee.

On behalf of the co-appellant Thyra K., the cause was submitted on the briefs of *Carol Wessels Plaisted* and *Karyn L. Rotker* of *Legal Action of Wisconsin, Inc.*, of Milwaukee.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Margaret Baumgartner*, of counsel, of Madison, and *Janet F. Resnick* of *Resnick & Associates*, of Milwaukee.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

FINE, J.   These are consolidated appeals from orders awarding attorney's fees from the guardianship estates of Evelyn O. and Thyra K. to Community Care Organization of Milwaukee, Inc. We reverse.[1]

## I.

Community Care is a private corporation that contracts with Milwaukee County to provide elder-abuse monitoring and prevention services under § 46.90, STATS. Although Community Care hires lawyers, an employee testified that it does not receive enough money from any governmental agency to pay attorney's fees. The attorney who represented Community Care in these matters took the cases on a contingent-fee arrangement.

Acting under its contract with Milwaukee County, Community Care filed petitions for guardianship and protective placement against both Evelyn O. and Thyra K., alleging that they were incompetent. *See* §§ 880.07,

---

[1] Both Evelyn O. and Thyra K. have died since this appeal was taken. We conclude that this case is not moot, and that the issue presented by this appeal is likely to recur. Accordingly, we decide the appeal. *See Lenz v. L.E. Phillips Career Dev. Ctr.*, 167 Wis. 2d 53, 66–67, 482 N.W.2d 60, 64 (1992).

880.33 & 55.06, STATS. Both Evelyn O. and Thyra K. were represented by adversary counsel and by a guardian *ad litem*. *See* § 880.33(2), STATS.[2] Ultimately, Evelyn O. and Thyra K. were declared by stipulation to be fit subjects for guardianship. The trial court ordered protective placement for Evelyn O. A protective-placement order for Thyra K. was entered by stipulation. Over the objections of the guardian *ad litem* for Evelyn O. and Thyra K., the trial court ordered that the guardianship estate of each pay Community Care's attorney's fees, basing its decision on § 880.22, STATS., which requires the guardian to "pay the just debts of the ward."

## II.

■

Courts in Wisconsin may direct a person or entity to pay another's attorney's fees only in limited circumstances. This so-called "American rule" holds that "with the exception of those attorneys' fees incurred in third-party litigation caused by the party from whom fees are sought, attorneys' fees may not be awarded unless authorized by statute or by a contract between the parties." *Milwaukee Teacher's Educ. Ass'n v. Milwaukee Bd. of Sch. Dirs.*, 147 Wis. 2d 791, 796–797, 433 N.W.2d 669, 671 (Ct. App. 1988). As we explained in *Milwaukee Teacher's Education Association*:

> The Wisconsin Supreme Court, in one limited area, however, has modified the American rule's requirement that attorneys' fees must be authorized by contract or by express statutory language before they may be awarded. *See Watkins v. LIRC*,

---

[2] The same guardian *ad litem* represented both Evelyn O. and Thyra K.

117 Wis. 2d 753, 345 N.W.2d 482 (1984). Though affirming the American rule's vitality, *id.* at 758, 345 N.W.2d at 485, *Watkins* held that the Wisconsin Fair Employment Act impliedly authorized an award of attorneys' fees in matters within its jurisdiction. *Id.* at 761–765, 345 N.W.2d at 486–88. *Watkins* was implicitly, and tacitly, limited to its specific circumstances three months later in *Kremers-Urban [Co. v. American Employers Ins. Co.*, 119 Wis. 2d 722, 744–747, 351 N.W.2d 156, 167–169 (1984)], which considered an argument that a provision of the Uniform Declaratory Judgments Act, sec. 806.04(10), Stats., permitted an award of attorneys' fees by authorizing courts to "make such award of costs as may seem equitable and just." Though it did not mention *Watkins*, the court in *Kremers-Urban* refused to "imply the power to award [attorneys'] fees from statutes," since the "legislature is presumed to have acted with full knowledge of the general rule that attorney's fees are not recoverable unless expressly authorized by statute." *Kremers-Urban*, 119 Wis. 2d at 746, 351 N.W.2d at 168. *Kremers-Urban* is thus a forceful reminder that departures from the American rule are narrowly drawn exceptions.

*Milwaukee Teacher's Educ. Ass'n,* 147 Wis. 2d at 797, 433 N.W.2d at 671–672.

■

Whether attorney's fees are recoverable, is a question of law that is subject to our *de novo* review. *Elliott v. Donahue*, 169 Wis. 2d 310, 316, 485 N.W.2d 403, 405 (1992). As noted, the trial court relied on § 880.22, STATS. But this provision only directs the guardian to pay the ward's "just debts."[3] Although Community Care argues that it performed a service for Evelyn O.

---

[3] Section 880.22, STATS., provides:

438

and Thyra K. by successfully putting them under the protective wings of others, and contends that it should be paid for this service, it neither contracted with either Evelyn O. or Thyra K. for this service nor received their approval for it. Moreover, in filing petitions for guardianship and protective placement against Evelyn O. and Thyra K., Community Care was acting under its contract with Milwaukee County pursuant to § 46.90, STATS. This section gives the elderly person subject to the provision of services under it the right to "refuse to accept services." Section 46.90(5m)(c), STATS.[4] There is no evidence in this record that either Evelyn O. or Thyra K., or any guardian for them at the time Community Care filed the petitions,

---

**Claims. (1)** PAYMENT. Every general guardian shall pay the just debts of the ward out of the ward's personal estate and the income of the ward's real estate, if sufficient, and if not, then out of the ward's real estate upon selling the same as provided by law. But a temporary guardian shall pay the debts of his or her ward only on order of the court.

(2) PROCEEDINGS TO ADJUST CLAIMS. The guardian or a creditor of any ward may apply to the court for adjustment of claims against the ward incurred prior to entry of the order appointing the guardian or the filing of a lis pendens as provided in s. 880.215. The court shall by order fix the time and place it will adjust claims and the time within which all claims must be presented or be barred. Notice of the time and place so fixed and limited shall be given by publication as in estates of decedents; and all statutes relating to claims against and in favor of estates of decedents shall apply. As in the settlement of estates of deceased persons, after the court has made the order no action or proceeding may be commenced or maintained in any court against the ward upon any claim of which the circuit court has jurisdiction.

[4] Section 46.90(5m)(c), STATS., provides: "An elder [sic] person may refuse to accept services unless a guardian authorizes the services. The county agency or other provider agency shall notify the elder [sic] person of this right to refuse before providing services."

authorized Community Care to seek guardianship and protective placement for them.

Community Care's reliance on § 880.215, STATS., is also misplaced. That provision makes void all contracts entered into by an incompetent, except for "necessaries."[5] Unlike the situation in *Claus v. Lindemann*, 45 Wis. 2d 179, 172 N.W.2d 643 (1969), cited by Community Care, neither Evelyn O. nor Thyra K. contracted for the services giving rise to the attorney's fees claimed here. In *Claus*, the ward retained an attorney to appeal a trial court's order denying her request that guardianship over her estate be terminated. *Id.*, 45 Wis. 2d at 187–188, 172 N.W.2d at 646–647. *Claus* held that those fees, contracted-for by the ward, who also sought to have them paid from her guardianship estate, were a proper charge against that estate. *Id.*, 45 Wis. 2d at 188, 172 N.W.2d at 647. Here, by contrast, Community Care's attempts to impose guardianship and protective placement on Evelyn O. and Thyra K. were resisted initially by their guardian *ad litem* and adversary attorneys. Community Care's attorney's fees in connection with these proceedings was not a "debt" of either Evelyn O. or Thyra K.

---

[5] Section 880.215, STATS., provides:

**Lis pendens, void contracts.** A copy of the petition and order for hearing provided for in ss. 880.07 and 880.08 may be filed in the office of the register of deeds for the county; and if a guardian shall be appointed upon such application all contracts, except for necessaries at reasonable prices, and all gifts, sales and transfers of property made by such insane or incompetent person or spendthrift, after the filing of a copy of such petition and order as aforesaid, shall be void. The validity of a contract made by a person under limited guardianship is not void, however, unless the determination is made by the court in its finding under s. 880.33 (3) that the ward is incapable of exercising the power to make contracts.

As Community Care points out, and as we recognized in *Milwaukee Teacher's Education Association,* Wisconsin has crafted limited and narrow exceptions to the American rule. Thus, for example, *Elliott,* also relied on by Community Care, held that the supplemental-relief provision of the Uniform Declaratory Judgments Act, § 806.04(8), STATS., permitted the recovery of attorney's fees incurred by an insured in establishing coverage under an insurance policy. *Elliott,* 169 Wis. 2d at 324, 485 N.W.2d at 409. There is nothing about this case, however, that warrants carving an exception to the general principles embodied by the American rule.

■

The legislature is aware of the American rule. *See Kremers-Urban,* 119 Wis. 2d at 746, 351 N.W.2d at 168. Chapter 880 is replete with provisions for the payment of attorney's fees. *See* §§ 880.24, 880.33(2)(a)3, & 880.331(8) (guardian *ad litem*), STATS. Perhaps the legislature could have also required persons to pay the attorney's fees of those commencing and prosecuting guardianship and protective-placement proceedings against them.[6] It did not, however, and the trial court had no authority to direct that Community Care's attorney's fees be paid from the guardianship estates of Evelyn O. and Thyra K. Stated another way, Evelyn O. and Thyra K. were not obligated by any legal principle of which we are aware to supply bullets to their adversaries, either before or after the battle, even if the war

---

[6] Given the restrictions on liberty that flow from guardianship and protective placement, we express no opinion about the constitutionality of a statute that makes a person liable for the attorney's fees of someone who files a guardianship/protective-placement petition against that person.

is fought for what is ultimately determined to be in their benefit.

*By the Court.*—Orders reversed.