# JULY TERM, 1846.

## GEAR *et al.* VS. SHAW *et al.*

1. CONTINUANCE, NOT THE SUBJECT OF EXCEPTION. The ruling of the court upon a petition supported by affidavit, for a continuance of a cause upon the ground that a suit was pending in chancery which would essentially determine the rights of the parties, is a matter within the discretion of the court, and is not the subject of exception or revision upon a writ of error.

2. PRACTICE — STAYING PROCEEDINGS AT LAW. Although the district courts have both equity and common law jurisdiction, yet the practice should be the same as if their different powers were conferred upon separate and distinct courts, and the proper method of procuring the postponement of the trial of an action at law, upon the ground that a suit is pending in chancery which will be decisive of the action at law, is by injunction from the court of chancery to stay proceedings at law.

3. PLEADING. To a count of a declaration upon a bond, *non est factum* is the appropriate plea, but *nil debet* is proper where the bond is set forth merely as inducement.

4. WANT OF CERTAINTY CURED BY VERDICT. Defects for want of certainty in pleading are cured by the statute of jeofails, and where to a declaration on a bond the defendants pleaded *nil debet* and the verdict is that the defendants owe the sum claimed and damages are assessed for its detention, the finding is in effect that the bond sued is the bond of the defendants, and that its condition has been broken, and judgment will not be arrested though the plea was not the proper one.

5. EXECUTION OF BOND — RECITAL. Where G. and N. executed a bond for an injunction in which it is recited that G. had applied for the writ as the agent of H., but the bond was signed and sealed by G. without other reference to H. *Held,* that the description of himself as agent in the body of the instrument did not exclude his personal liability.

6. ACTION ON BOND — EXECUTION, HOW AWARDED. In an action on a bond with a condition, there was a verdict for the penal sum and one cent damages, and judgment was entered awarding execution for the entire sum. *Held* erroneous, and that execution could not be awarded until the

damages had been assessed as provided by statute, and that a subsequent assessment of damages and award of execution pursuant to the statute cured the error and the assessment of nominal damages by the first jury, could not be considered as a determination of the extent of the plaintiffs' claim.

7. EVIDENCE — DAMAGES ON DISSOLUTION OF INJUNCTION.   Where an injunction was granted to restrain parties from mining on a certain lot, and some time after its dissolution, a new discovery was made and a large quantity of ore was raised from it.   In assessing damages on the injunction bond, *Held*, 1. Proof that the use of the money for which the mineral might have been sold was worth more than the legal rate; of interest to the parties, by way of enhancing the damages, should be rejected as ideal and speculative; and so too as to the proof of the subsequent discovery as tending to show what the parties might have realized had they continued mining and the injunction had not been granted.

8. SAME.  Damages upon the dissolution of an injunction are to be estimated with reference to the business of the party enjoined, and his profits at the time of the service of the writ, and not upon conjecture founded upon subsequent events not then known or contemplated.

9. COUNSEL FEES, ETC., AS DAMAGES.  Counsel fees and expenses of defending the chancery suit are not a proper item of damages, to any greater extent than they were necessarily incident to or caused by the injunction.

10. DEMAND NEED NOT BE PROVED.  In an action upon an injunction bond it is not necessary for the plaintiff to prove a previous demand for his damages.

11. OATH OF JURY.  In assessing damages on a bond with a condition, after a finding that there has been a breach, it is correct to swear the jury to well and truly inquire of and assess the plaintiffs' damages.

ERROR to the District Court for *Iowa* County.

Action of debt on an injunction bond.  A motion was made by the plaintiffs in error for a further and amended return, the facts in relation to which are stated in the opinion of the court denying the motion.  Evidence was offered and received upon the assessment of damages in the court below, to show that at the time the injunction was served the plaintiffs against whom it had been granted, had nearly exhausted or dug out all the mineral or lead ore from the discovery that they had then made; that about five or six months after the dissolution of the injunction they made an entirely new discovery of lead ore, at a distance of eighty or one hundred yards from their former discovery; on the same tract upon which

VOL. I. — 39.

they were forbidden by the injunction to work, where a large quantity of mineral was subsequently raised and for being restrained from raising it during the pendency of the injunction, they claimed damages. The testimony was received against the objections of the defendant; all other facts necessary to a correct understanding of the case are stated in the opinion of the court.

*Moses M. Strong* and *T. P. Burnett,* for plaintiffs in error.

1. The district court erred in refusing to continue the cause, pending the suit in chancery. *Doty v. Strong, ante; McCarty v. Patton's Exrs.,* 3 J. J. Marsh, 263.

2. The jury in the first instance having found the issue for the plaintiffs on the plea of *nil debet* and assessed nominal damages, and having thus passed on the question of damages, it was not again a proper subject of inquiry. The subsequent inquiry was not conformable to the issue and should not be sustained. *Stearns v. Barret,* 3 Mason, 173.

3. Counsel fees in the chancery suit were not properly a part of the plaintiffs' damages. 3 Dallas, 306.

4. The evidence as to the discovery of mineral subsequent to the dissolution of the injunction was improperly received, and the court erroneously refused to instruct the jury that damages could not be recovered for more than seven per cent for the use of money. Peters' C. C. 95, 224.

*F. J. Dunn,* for defendant in error.

MILLER, J. The plaintiffs in error suggest a diminution of the record in this case, in the following particular: That at the September term, 1843, of the district court of Iowa county, the plaintiffs in error made a motion to postpone the trial of the cause until the determination of certain suits in chancery; and in support of said motion, filed a petition and affidavit, tending to show that the determination of the suits in chancery would have an important bearing upon, and essentially determine the rights of the parties in this case, and that the plaintiffs

in error could not safely try this cause until the said chancery suits were decided; which said petition, accompanied with an affidavit, was filed in the district court, and is not sent up with the record. And they now move for a rule upon the clerk of said court to certify the same to this court.

The district court did not postpone the trial of this cause, as prayed for in said petition, which is assigned for error here. This motion for a rule upon the clerk, to certify to this court, the petition above referred to, is opposed by the counsel for the defendants in error.

When the cause was regularly reached on the docket the plaintiff was legally entitled to a trial, unless legal reasons were interposed to prevent it. This petition was addressed to the discretion of the court. The court was under no legal obligation, either to grant or refuse its prayer. It must rest upon the same principle as any other motion for a continuance, or for putting off the trial, which is not a subject for a bill of exceptions, or revision here. In the case of *Doty v. Strong, ante,* the court remarked, that an application for a continuance is generally addressed to the discretion of the court, and is not, probably, the subject of a writ of error; and that cause was decided exclusively on the question of the privilege of Doty from trial.

From the remarks of the court in the case of *Hurst v. Hurst,* 3 Dallas, 512, there is no doubt but that the application made in the district court to postpone the trial of the cause was addressed to the discretion of the court, which might be granted or refused, without being the subject of revision here. In that case, a bill for a discovery and account was pending against the plaintiff, which he had refused to answer while he was pressing the trial, and under the circumstances of that case the court entertained the motion.

Although the same judge is clothed with both chancery and common law jurisdiction, yet the practice and proceedings of our courts should be the same, as if these

jurisdictions were conferred upon separate and distinct courts. This is the only way to prevent confusion and uncertainty in practice. A contrary course is not to be encouraged. An injunction was the proper and legal manner of requiring a postponement of the trial in the district court.

For these reasons it is apparent, that if the petition were now attached to the record, it could not be taken into consideration by this court. And therefore this motion is overruled.

Upon the merits of the case the following opinion was delivered:

MILLER, J.    This suit was brought in the district court for the county of Iowa, by the defendants in error against the plaintiffs in error, upon a bond. In said bond, *Charles Gear* as agent for Thomas Y. How, and *Abner Nichols* bound themselves in the penalty of $2,000, with the condition: "That whereas the said *Charles Gear* as agent of Thomas Y. How has prayed for and obtained an injunction from, etc., enjoining and commanding the said obligees from digging, raising, or removing mineral from the south-west quarter of section No. 28, of township No. 1, of range No. 1 east, in the Wisconsin land district; and also from doing or committing any further or other waste in and upon the said premises until the court shall make other order to the contrary; now if the said *Charles Gear* as agent shall pay or cause to be paid to the said obligees such damages as they may sustain by reason of the issuing of the said injunction and also all such costs and damages as may be awarded against the said complainant in case the said injunction shall be dissolved," etc. The bond is executed by *Charles Gear* under his hand and seal, without referring to How, or using or signing his name thereto.

The declaration is upon the bond as a common bond for the payment of money; and also upon the bond, with a condition, assigning a breach. The defendants filed the plea of *nil debet*.

Gear et al. vs. Shaw et al.

Upon this state of the pleadings the trial was had and a verdict rendered, "that the defendants owe to the plaintiffs the sum of $2,000, the penalty of the bond described in the plaintiffs' declaration in manner and form as the said plaintiffs demanded; and that they assess the plaintiffs' damages by reason of the detention of the said debt over and above their costs and charges by them about their suit expended at one cent."

The defendants then moved the court in arrest of judgment, which said motion was overruled by the court, and the following judgment entered: "That the said plaintiffs do have and recover of the said defendants as well, the sum of $2,000 their debt aforesaid, as the sum of one cent their damages by the jurors of the jury aforesaid assessed, together with their costs and charges by them about their said suit in this behalf expended, and that they have execution therefor." Afterward at the same term of the court a second jury was called and sworn well and truly to inquire of and assess the plaintiff's damages; who assessed the damages to the plaintiffs for and on account of the breach of the condition of the said bond, at the sum of $748.97. Judgment was rendered for the said damages, and costs in the usual form.

Among the errors assigned here, are the following:

"The court erred in overruling the motion in arrest of judgment; and also in entering the judgment, in the form entered upon the issue, and in the award of execution."

To this declaration, there was no appropriate plea, nor was there an issue joined upon the record. It is a well settled rule of pleading, that to a count, or declaration, upon a bond, *non est factum*, is the proper plea; and to a count, or declaration, in debt wherein a bond is set forth as the inducement, the plea of *nil debet* is the issue. The law requires every issue to be founded upon some certain point, that the parties may come prepared with their evidence, and not be taken by surprise; and that the jury may not be misled, by the introduction of vari-

ous matters. *Minor and others v. The Mechanics' Bank of Alexandria*, 1 Pet. 67. The rule, as to certainty in pleadings, is formed for the benefit of the parties, and may be waived by them in many cases, both by the common law and by the statute of *jeofails*. And defects in pleading are usually cured by verdict. *Collum v. Andrews*, 6 Watts, 516 ; *Conine v. McMichael*, 8 Serg. & Rawle, 480 ; *Simonton v. Winter*, 5 Pet. 141. The verdict of the jury was, in effect, a finding that the bond in suit is the bond of the defendants, and that the condition thereof is broken. We therefore do not consider, that the district court erred in overruling the motion in arrest of judgment.

In entering the judgment an error occurred, which no doubt was accidental, in awarding execution for the sum of $2,000, the penalty of the bond. By the statute, no execution could be awarded, or issued, until the damages were assessed by the court, or a jury, for which alone execution is allowed.

The plaintiffs in error assign for error, the refusal of the district court to postpone the trial of the cause.

This court have heretofore decided that the allowance, or disallowance of amendments, or the refusal of the district court to postpone the trial, or continue the cause, being questions within the discretion of the court ; are not such judgments as to be the subject of review upon writ of error.

The error assigned of the refusal of the court to instruct the jury as in case of a nonsuit, has also been disposed of in this court. The district court has no power to instruct or order a compulsory nonsuit when testimony has been given in support of the issue. But if this motion was not intended for a compulsory nonsuit, but for instruction upon the right of the plaintiffs to recover, upon the evidence, we think the court were right in refusing it, upon the evidence.

The bond was signed and executed by *Gear* and *Nichols*, without regard or reference to How, or the alleged

agency in the body of the instrument. The bond purports to be made by *Gear* and to be sealed by him, and not to be made and sealed by his alleged principal. The description of himself, as agent, does not, under such circumstances, exclude his personal responsibility. *Lutz v. Linthicum*, 8 Pet. 165 ; *Hills v. Bannister*, 8 Cow. 31.

By the bill of exceptions it appears that on the assessment of damages, the plaintiffs in support of their claim of damages, offered to prove, that they had paid money to their attorneys in the defense of the chancery suit ; and that they had spent time, and expended money in the defense of said suit ; which said offer was objected to by the defendants, and the objection was overruled by the court ; which is assigned for error.

The bond is conditioned for the payment of the damages, by reason of the injunction alone, and is not to be enlarged, to embrace all and every injury, or damage, or expense, incurred in and about the suit in chancery. We can only allow, according to the literal condition of the bond. An injunction is a high prerogative writ ; executed and enforced in a summary manner. By service of the writ, the party is required immediately to withdraw and cease operations ; hence the propriety in requiring a bond for the indemnity of the party in such damages as he may sustain, by reason thereof. Counsel he must have in his defense of the suit, whether an injunction is issued or not. All a party could claim, under any circumstances, would be the fees and expenses incident to the injunction. The injunction in this case was issued upon a bill to stay waste during the pendency of a suit at law, which would entitle the plaintiffs to their costs in and about the same. The court is of opinion, that the attorney's fees paid are not a legal charge in the assessment of damages. *Arcamble v. Wiseman*, 3 Dallas, 306. In this ruling of the court, and the admission of the evidence, there was error.

The plaintiffs offered to prove, that during the time the injunction was pending, the use of the money, for which

they claimed they could have sold the mineral, had they not been enjoined from raising it, would have been worth to them more than seven per cent. To this testimony the defendants' counsel objected; the objection was overruled by the court, and the testimony admitted. This is also assigned for error.

It is a general rule that interest is not allowed on unliquidated damages. *Gilpin v. Consequa,* Peters' C. C. 86. Here the testimony offered, was the value of the use of the money for which the plaintiffs claimed they could have sold the mineral if they had not been enjoined from raising it, which we consider merely ideal, and not the subject for computation of interest for the enhancement of damages.

It appeared from the testimony, that at the time of the service of the injunction, in September, 1838, the plaintiffs were mining for lead ore on the land described in the bond, and that they had nearly exhausted or dug out all the mineral or lead ore, from the discovery that they had then made. That about five or six months after the dissolution of the injunction, the plaintiffs made an entirely new discovery of lead ore at the distance of eighty or one hundred yards from their former discovery; although it was on the same ground mentioned in the writ of injunction, and all the mineral was raised on this new discovery; for not being permitted to raise which, the plaintiffs claimed damages. Under the statute, the party is entitled to an execution for so much of the penal sum of the bond as in equity and good conscience is found payable. The assessment of damages is the exercise of the equity powers of the court, in relief of the defendant; and the party is to have so much as he can show himself justly entitled to. In order to entitle the plaintiffs to make proof on which to found a recovery, he should be required to show, at least an immediate connection between the digging he was engaged at when the injunction was served, and the mineral afterward raised; and that in consequence of the service of the in-

junction, he failed in raising it. Although it was on the same land, yet it might not have entered into the contemplation of the parties, before the injunction, to dig where the mineral was found six months after its dissolution. The party is entitled to such damages as he may have reasonably sustained by being deprived of the profits of the work he was engaged at when the injunction was served. If a party make a discovery six months afterward, not connected with engagements or pursuits at the time ; or if he make a speculation afterward not contemplated at the time ; or if being a merchant and enjoined from merchandising or selling a particular stock of goods, he after the dissolution enlarges his stock, these additional speculations and profits would not be the measure of damages. The damages are to be estimated, with reference to his business and profits at the time of the service of the writ, not upon a supposition arising out of subsequent events, not known or contemplated before the writ was served. As presented by the record, we consider that there was error in the admission of this evidence.

The error assigned upon the rejection of the patent to the defendants was withdrawn at the argument.

The error assigned to the decision of the court, that a demand of damages and costs was not necessary, is not well taken. The bond is conditioned for the payment of damages, which the party became bound to pay upon the dissolution of the injunction. The payment of damages was the contract of the party which he bound himself to perform unequivocally. No demand was necessary. He became liable to suit immediately upon the dissolution of the injunction. Whatever costs could be legitimately claimed should properly be taxed by a proper officer. Such a practice would save time and trouble at the trial, and enable the party to present his bill for the consideration of the court, with greater certainty.

Error is assigned for the manner in which the jury were sworn upon the inquiry of damages ; and that the verdict of the jury does not conform to their oath, and for

error in the judgment. The jury were sworn well and truly to inquire of and assess the plaintiffs' damages. This form of the oath was correct. The jury on their oaths did say that they found in "equity and good conscience the damages sustained by the plaintiffs, for and on account of the breach of the condition of the bond declared on by the said plaintiffs, to be the sum of $748.97, and assessed the said plaintiffs' damages for the breach aforesaid at the said sum of," etc. There is no legal objection to the form used in this record. It is particular and explicit enough, and perfectly intelligible. There is nothing objectionable in the form of the judgment for these damages. All that is required by the statute is, that the court award execution for the amount of damages assessed, which is done here.

There was no error in calling a second jury to assess the damages to the plaintiffs. Such damages were not assessed by the first jury. The nominal damages of one cent, from the nature of the finding, and of the inquiry at the time, could not have been intended as settling and determining the extent of the plaintiffs' claim. It seems to have been inserted more as a matter of form than of substance. It is merely nominal damages for the detention of the said debt, the penalty of the bond, and not the assessment of the damages the plaintiffs are equitably entitled to upon the condition of the bond.

By the statute, after it is ascertained that the condition of the bond is broken, it is competent for the court to assess the damages, unless either party shall move to have the assessment made by a jury. The parties may, by consent, submit the assessment to the jury sworn to try the issue, and if not, the court, or a subsequent jury must make the assessment.

The errors assigned upon different points of the charge, are answered, as far as necessary, in the foregoing investigation of the points arising upon the evidence.

It is considered and adjudged by the court, that the judgment of the district court for Iowa county be and it is reversed with costs.