MEDBERY and another vs. SWEET.

1. CONTRACT — MEASURE OF DAMAGES. — M. & H. agreed to furnish S. for transportation from Milwaukee to Buffalo, during the first trip around of his line of steamers, 2,200 barrels of flour, and to pay for transporting the same thirty-five cents per barrel; S. was ready and offered to perform his part of the contract at the proper time, but M. & H. refused to furnish the said flour for transportation by the steamboat America, which had a very light freight on her first trip down: *Held*, that the contract was not in the nature of a charter party, but as a contract to furnish a given amount of freight for a particular trip at a stipulated price, and that the proper measure of damages for breach of the contract was the contract price of the freight, thirty-five cents per barrel.
2. SAME. — The amount of damages in such case, or where in the case of a charter party it is sought to recover for *dead freight*, damages for the breach of contract, may be reduced or mitigated by showing that other freight was or might have been procured.

(3 Chand., 231.)

ERROR to the Circuit Court for *Milwaukee* County.
The case is stated in the opinion of the court.
*A. D. Smith*, for plaintiffs in error.
*James & Orton*, for defendant in error.

JACKSON, J.    This was an action of assumpsit, brought by *Alanson Sweet*, the plaintiff below, to recover of the defendants below, *John W. Medbery, Martin B. Medbery* and *Jacob A. Hoover*, partners, doing business under the name, firm and style of *Med-*

*bery & Hoover*, damages for the breach of a special contract, made and entered into, in writing, between the said parties, by which *Medbery & Hoover* agreed to furnish *Sweet*, for transportation from Milwaukee to Buffalo, during the first trip round of the line of steamers, two thousand two hundred barrels of flour, and to pay for transporting the same at the rate of thirty-five cents per barrel.

The agreement in writing, having been proved, was offered in evidence. It was also proved that the plaintiff *Sweet* was ready and offered to perform his part of the contract; that the steamboat America was in readiness at the time and place appointed, to take the flour on board, to be conveyed to Buffalo, and that she had a very light freight on her first trip down; and that the defendants refused to deliver the flour according to their said agreement.

Several errors are assigned by the plaintiffs in error, but the only one which appears to be relied on, and which we deem material to consider, is as to the charge of the circuit judge, which was: "That if the plaintiff was in time in demanding the flour, and the defendants had broken their contract, then the measure of damages for them to find was thirty-five cents upon each barrel of flour mentioned in said agreement or memorandum, in writing, unless the defendants had shown by proof, on their part, that the plaintiff supplied himself with other freight, or might have done so."

Now, proof having been given of the contract, and of a readiness and an offer to perform by *Sweet*, and a refusal to perform by *Hoover & Medbery*, the only inquiry is, Whether the rule of damages as laid down by the circuit judge in his charge to the jury is correct? The contract made between the parties cannot be regarded, strictly, speaking, in the nature of a charter party; but as a contract to furnish a given amount of freight, for a particular trip, at a stipulated price. But whether it be treated either as the one or the other, the plaintiff is entitled, as in case of contracts generally, to recover compensa-

tion for the actual loss or injury sustained by the breach of the contract. 2 Greenl. Ev., § 253; 7 Hill, 61–9. The rule, however, by which the amount or extent of redress should be ascertained, is a question of law. Sedgwick on Damages, 30. In the case of a charter party, where it is sought to recover for dead freight, damages for the breach of the contract may be reduced or mitigated by showing that other freight was or might have been procured. *Hechsher v. McCrea*, 24 Wend., 315. So, in the case at bar, the damages in like manner might have been reduced by introducing such proof upon the trial. *Shannon v. Comstock*, 21 Wend., 459; *Hechsher v. McCrea*, 24 id., 315; *Costigan v. Mohawk and Hudson Railroad Co.*, 2 Denio, 614; *Kleimer v. Catara*, 2 Gallis, 61–66. But the burden of proof to show such facts in mitigation or reduction of damages rests, in all such cases, upon the delinquent party. 2 Greenl. Ev., § 261; 2 Denio, 615, 616.

In the case at bar no such facts were proved, or offered to be proved, by the defendants on the trial. In the absence of any such proofs, the measure of damages is the contract price of the freight. 2 Denio, 615; 2 Greenl. Ev., § 261. We see no error therefore, in the charge of the circuit judge, and the judgment of the court below must be affirmed.

Judgment affirmed, with costs.