BYRNES and others, Appellants, v. METZ and others, Respondents.*

*No. 247. Argued January 4, 1972.—Decided February 1, 1972.*
(Also reported in 193 N. W. 2d 675.)

———
* Motion for rehearing denied, with costs, on March 28, 1972.

628

For the appellants there was a brief by *Niebler & Niebler* and *John H. Niebler,* all of Menomonee Falls, and oral argument by *John H. Niebler.*

For the respondents there was a brief by *Erbstoeszer, Cleary & Zabel, Ltd.,* and oral argument by *Patrick T. McMahon,* all of Milwaukee.

WILKIE, J.   Three questions are raised on this appeal:

1. Are the increased costs of construction recoverable under the injunction bond?

2. Did respondents violate their duty to mitigate their damages?

3. Did the circuit court abuse its discretion in setting costs and attorneys' fees?

*Increased construction costs.*

The basic rule for computing damages under an injunction bond was first set out by this court in 1846 in *Gear v. Shaw:* [1]

". . . The party is entitled to such damages as he may have reasonably sustained by being deprived of the profits of the work he was engaged at when the injunction was served. . . . The damages are to be estimated, with reference to his business and profits at the time of the service of the writ . . . ."

This rule was reaffirmed in 1932 in *Muscoda Bridge Co. v. Worden-Allen Co.* [2] The crucial issue on this appeal is whether the increased costs of construction are recoverable under this rule.

[1] (1846), 1 Pin. 608, 617.
[2] (1932), 207 Wis. 22, 239 N. W. 649, 240 N. W. 802.

Under the terms of the contract between respondents and their contractor, the contract was cancelled when this injunction was issued, unless respondents agreed to pay the increased costs of construction between the time of the contract, November 26, 1967, and the time actual construction was commenced. There is no doubt but that between the time of the original contract and the time the injunction was finally lifted construction costs did increase.

The basic question of whether such increased construction costs are recoverable is one of first impression in Wisconsin. Appellants contend that since the damages claimed are for future increases in costs not in existence at the time the injunction was issued, they are not recoverable. Other courts which have considered the question have allowed recovery for increased construction costs.[3] Such recovery is consistent with the general principle that any loss of ascertainable value resulting from the improvident issuance of a temporary injunction is recoverable.[4] The cost to respondents of the buildings increased only because of the temporary injunction, not because of subsequent events. Under the rule of *Gear v. Shaw*,[5] as construed in subsequent cases, the increased construction costs are recoverable.

### Duty to mitigate damages.

Appellants contend that even if the increased costs of construction are recoverable, respondents failed to exercise their duty to mitigate damages. At the hearing be-

[3] *Roberts v. White* (1878), 73 N. Y. 375, 381; *School District v. Mercur* (1911), 46 Pa. Super. 470, 474.

[4] *Muscoda Bridge Co. v. Worden-Allen Co.*, *supra*, footnote 2, at page 30; *Antigo Electric Co. v. Faust Lumber Co.* (1932), 209 Wis. 139, 144, 244 N. W. 604.

[5] *Supra*, footnote 1.

fore the referee appellants produced evidence that buildings similar to those constructed by respondents could have been built with only a three percent, or $1,500, increase in costs during the period of the injunction. However, respondents countered with testimony that the buildings they wanted were of superior quality to those referred to by appellants' witnesses.

The burden of proof is upon the delinquent party to show that the opposing party could have mitigated his damages.[6] Furthermore, the duty to mitigate damages is imposed only to the extent that it is reasonable to do so.[7] In the present case appellants' witnesses were unable to testify whether they could build the *same* buildings as those constructed by respondents' contractors. Neither witness called by appellants had been inside the buildings or had knowledge of the materials used in the construction of the buildings. Their testimony was that they could build "similar" buildings for less.

In *Ashley v. American Automobile Ins. Co.*[8] this court indicated that it would not be unreasonable for an accident victim to seek medical care in a distant city even though the same treatment was available closer to her home for one half the cost. The same rationale applies here. Respondents were obviously satisfied with the contractor they had originally selected, and they believed that his work was superior to that offered by other contractors. Appellants have failed to prove that respondents could have mitigated their loss and still have buildings of the quality they desired or that their reliance on the contractor was unreasonable.

Appellants further argue that respondents did not prove that building costs had increased by $5,200. There

[6] *Medbery v. Sweet* (1851), 3 Pin. 210, 3 Chand. 231; Annot. (1941), 134 A. L. R. 242, 243.

[7] *O'Brien v. Isaacs* (1962), 17 Wis. 2d 261, 266, 116 N. W. 2d 246.

[8] (1963), 19 Wis. 2d 17, 23, 119 N. W. 2d 359.

was testimony to support that amount of increase. That evidence could be considered by the trier of fact.

Appellants contend that respondents are not entitled to these damages because they had not actually paid out any additional money but had added to the amount of the mortgage on the property. There is no merit in this contention. Damages under the injunction bond are determined by what events caused the total loss. These damages are computed as of that time regardless of when the loss is actually sustained. While it is possible that the additional $5,200 may not be actually paid by respondents until the mortgage is paid off, the fact remains that there will be an additional $5,200 ultimately spent by respondents which is the result of the injunction; they are bound to this increased expense. Thus the damages were properly assessed.

### Attorney's fees.

Appellants' final contention is that the assessment of $1,300 attorneys' fees and $212 in other costs is excessive. In the *Muscoda Bridge Case*,[9] this court indicated that in an action upon an injunction bond the prevailing party is entitled to the reasonable value of the services rendered by attorneys on the reference. Such determination of what are reasonable attorneys' fees is within the discretion of the trial court.[10]

In the present case a detailed enumeration of the legal services rendered was submitted to the trial court. The court reduced those fees by $900—from $2,200 to $1,300. A review of the statement of attorneys' fees does not reveal that it is unreasonable. Except for asserting that the allotted fees are excessive, appellants advance no

[9] *Supra,* footnote 2, at pages 29, 30.
[10] *Commercial Casualty Ins. Co. v. Frost* (1931), 206 Wis. 178, 182, 239 N. W. 454.

argument of why or how the court abused its discretion in awarding such costs. On the state of the present record, no abuse of discretion has been shown.

*By the Court.*—Judgment affirmed.