MOYNIHAN ASSOCIATES, INC., Appellant, v. HANISCH, d/b/a Ash Film Productions, Respondent.

*No. 185. Argued October 4, 1972.—Decided October 31, 1972.*
(Also reported in 201 N. W. 2d 534.)

---

For the appellant there was a brief by *Kraemer, Binzak & Sylvan,* attorneys, and *Joseph J. Esser* of counsel, all of Menomonee Falls, and oral argument by *Mr. Esser.*

For the respondent there was a brief by *Bieberstein, Cooper, Bruemmer, Gartzke & Hanson* and *Rolfe E. Hanson,* all of Madison, and oral argument by *Rolfe E. Hanson.*

BEILFUSS, J. In our view the controlling issue is whether Hanisch had an enforceable common-law lien.

Moynihan, through his counsel, takes the position that Hanisch does not have an enforceable lien because

the services he rendered do not come within any statutory description of a lien. He further contends that common-law liens have been abrogated by the legislative enactment of our several lien statutes, particularly ch. 289. We disagree. Sec. 289.48 of the lien chapter of the statutes sets forth the procedure for the enforcement of liens. Within this section it is expressly provided that every person given a lien by statute, or as a bailee for hire or otherwise by common law, may use the statutorily described methods of enforcement. This certainly indicates the legislature did not intend to abolish or abrogate common-law liens.

Our lien statutes have been in existence since 1849 (although not in exact form). Since that time several cases[1] have recognized the existence and validity of common-law liens.

Moynihan argues that even if common-law liens exist, no proof has been presented to establish one in the instant case. This court has held for years that a person who has bestowed labor upon an article or done some other act in reference to it by which its value has been enhanced has the right to detain the same until he is reimbursed for his expenditures and labor; and that every bailee for hire who by his labor and skill has added value to the goods has a lien upon the property for his reasonable services or charge rendered.[2]

In this case the parties' relationship is that of a bailor and bailee. The first requisite of a common-law lien is that there must be an agreement expressed or implied to redeliver the property bailed when the purpose of the bailment has been fulfilled. *American National Red Cross v. Banks* (1953), 265 Wis. 66, 60 N. W. 2d 738.

---

[1] *Chappell v. Cady* (1859), 10 Wis. 97 (*111); *Arians v. Brickley* (1885), 65 Wis. 26, 26 N. W. 188; *West Allis Industrial Loan Co. v. Stark* (1928), 197 Wis. 363, 222 N. W. 310; *O'Brien v. Isaacs* (1962), 17 Wis. 2d 261, 116 N. W. 2d 246.

[2] *Id.*

Both parties here admit without dispute that the unused film was agreed to be returned after Hanisch had completed work on the film project. The second requisite is that the possession of the chattel must be temporarily transferred while general title of the chattel remains in the hands of the original owner. *Byrnes v. Metz* (1972), 53 Wis. 2d 627, 193 N. W. 2d 675. Here, the record indicates without dispute that possession of all the film was temporarily transferred to Hanisch to enable him to do the work agreed upon and that the title to the film remained with Moynihan. The final requisite is that implicit in this relationship the general titleholder be out of possession of the chattel and the bailee be in a position to exercise possessory rights. *Byrnes v. Metz, supra,* and 8 Am. Jur. 2d, *Bailments,* p. 905 *et seq.* Here, the parties admit that Moynihan was out of possession when Hanisch edited, rough cut, sound mixed, narrated, conformed and fine cut the film—this establishes that Hanisch was a bailee who exercised possessory rights over the film.

Moynihan next maintains that Hanisch did not have a bailee's common-law lien because Hanisch did not increase the value of the retained goods. The court found that the value of such goods was increased at least to the extent of $75 in reassembling the unused film after the finished product was sent to Moynihan. There was also testimony that Hanisch enhanced the film's value when he edited, narrated, added titles, sound mixed, conformed and fine cut the finished product from the work print and leftovers in his possession. These services of Hanisch added to or enhanced the value of the materials retained. The exact amount of enhancement is immaterial since the law does not require or indicate that a dollar amount is needed before the property can be said to be enhanced. All that is required is that it be enhanced in some material way.

The trial court did not err when it concluded that the lien on the retained film is for the full amount due on the agreement and not just for the work performed on the remnants in respondent's possession. The fact that part of the goods was returned is immaterial. The rule is that the work to be done upon the bailed article may be regarded as a unit, and the lien attaches to all of the property. When a part of the goods received under this agreement was improved and returned by the bailee, his lien does not abate proportionately. He may assert a lien for all the labor and material expended on all the goods against the portion remaining in his possession. Brown, *Personal Property* (2d ed.), pp. 523–525, sec. 108, and 8 Am. Jur. 2d, *Bailments,* p. 1127, sec. 236.

Finally, Moynihan asserts that the debt due was not certain because the parties were in dispute as to the amount owed. Moynihan offered no evidence to rebut Hanisch's proof of his services and their reasonable value. The testimony at trial and the course of dealings between the parties indicated that the cost was to be on a time and material basis; Moynihan admitted on cross-examination that the charges in respect to the estimate given were billed and paid on a time-material basis in his prior course of dealings. Secondly, the trier of fact simply believed Hanisch's version as to what was agreed upon and that Hanisch proved the reasonable value of his services.

We therefore conclude that Hanisch has a common-law lien on the goods retained for the full amount claimed. Moynihan's replevin action was properly dismissed on its merits. The common-law lien gives the right of one person to retain possession of that which belongs to another until the justifiable demands of that person are satisfied. 51 Am. Jur. 2d, *Liens,* p. 157, sec. 20. The lien is therefore fatal to Moynihan's replevin action and a right of possession until he tenders the full amount due. 46 Am. Jur., *Replevin,* pp. 16, 17, sec. 25.

We believe that our opinion that Hanisch has an enforceable common-law lien renders the other issues moot and, accordingly, these are not considered herein.

*By the Court.*—Judgment affirmed.