### In re CAM CONSTRUCTION CO., INC., Debtor.

Cummins Great Lakes, Inc., Plaintiff,

v.

Cam Construction Co., Inc., Defendant.

**Bankruptcy No. 98–56035–11.
Adversary No. A99–5145–11.**

United States Bankruptcy Court,
W.D. Wisconsin.

Feb. 15, 2000.

Paul K. Schwartz, Polacheck and Harris, Milwaukee, WI, for plaintiff.

George B. Goyke, Byrne, Goyke, Tillisch & Higgins, S.C., Wausau, WI, for defendant.

### MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

THOMAS S. UTSCHIG, Bankruptcy Judge.

The plaintiff in this adversary proceeding seeks to determine the validity of its

alleged mechanic's lien against the debtor. The plaintiff is represented by Paul K. Schwartz, and the debtor is represented by George B. Goyke. The essential factual allegations are as follows. The debtor contacted the plaintiff and requested that the plaintiff perform repairs on a piece of equipment. The plaintiff came to the debtor's place of business and performed the repairs on the debtor's premises. Upon completion of the repair work, the plaintiff requested and received a check for its services in the amount of $8,485.50. Thereafter, the debtor stopped payment on the check, apparently based upon its belief that the work was to have been performed under a warranty and it was not obligated to pay for the services.

The debtor's plan of reorganization does not consider the plaintiff to be a secured creditor, and instead places this creditor in the general unsecured class. The plaintiff filed this adversary proceeding to enforce its perceived lien rights and has filed a motion to determine the validity of its lien, which the Court will consider as a motion for summary judgment. The plaintiff believes that it has a valid mechanic's lien on the debtor's equipment pursuant to Wis. Stat. § 779.41(1), which provides that:

> Every mechanic and every keeper of a garage or shop . . . who repairs or does any work on personal property . . . has a lien on the personal property for the just and reasonable charges therefor . . . and may retain possession of the personal property until the charges are paid. . . .

According to the plaintiff, the fact that it did the work on the debtor's premises should not make any difference in determining whether or not it has a lien. Further, the plaintiff argues that it only "surrendered" its possession of the equipment because of the debtor's deception in issuing a check which it later dishonored. It cites the case of *M & I Western State Bank v. Wilson*, 172 Wis.2d 357, 362, 493 N.W.2d 387 (1992), for the proposition that mechanic's lien laws should be "liberally construed to accomplish their equitable purpose of aiding materialmen and laborers to obtain compensation . . . ."

The Court agrees that the statute should be read in a light beneficial to the plaintiff, but the essential question remains whether a lien under § 779.41 is limited to those situations in which the mechanic has actual physical possession of the property. Neither party has cited the Court to authority which specifically addresses this threshold issue. They each point to the statute, which mentions that the mechanic may "retain" possession of the asset. The debtor argues that this means that the mechanic must have had possession originally, which cannot happen when the repair services are performed on the owner's property. The plaintiff argues that the statute is actually silent on this point, and that there is nothing in the statute which *prevents* a mechanic from taking the repaired equipment from the owner's property if the owner doesn't pay for the services. In this regard, the plaintiff suggests that it would have been fully within its rights to bring a tow truck onto the debtor's property and haul the equipment away.

In answering this apparently novel question, the Court first looks to the language of the statute, which allows the mechanic to "retain" possession of the property, but does not define what constitutes possession. Black's Law Dictionary defines possession as "the fact of having or holding property in one's power," "the exercise of dominion over property," or "the right under which one may exercise control over something to the exclusion of all others." Statutes such as Wis.Stat. § 779.41 are generally codifications of common law lien rights. *See Wilson*, 172 Wis.2d at 362, 493 N.W.2d 387 (in which the court stated "we may look to the common law of mechanic's liens" to determine whether such a lien exists). For example, Wisconsin courts recognize a common law lien, as stated by the Wisconsin Supreme Court:

This court has held for years that a person who has bestowed labor upon an article or done some other act in reference to it by which its value has been enhanced has the right to detain the same until he is reimbursed for his expenditures and labor; and that every bailee for hire who by his labor and skill has added value to the goods has a lien upon the property for his reasonable services or charge rendered.

*Moynihan Associates, Inc. v. Hanisch,* 56 Wis.2d 185, 190, 201 N.W.2d 534 (1972).

The Restatement of Security describes a similar common law lien in favor of a "bailee who at the request of the bailor does work upon or adds materials to a chattel." *See* Restatement (First) of Security, § 61(a). The comments to this section state that "since the lien for work done or materials added depends upon possession, if the services are rendered upon chattels in an owner's possession, the artisan has no lien." Restatement (First) of Security, § 61(a) cmt. e. This comment goes on to provide the following illustration:

A requests an artisan to come to his home and repair a grandfather's clock. The clock is repaired on A's premises. The artisan is not a bailee and has no lien for his services.

Accordingly, under common law, the plaintiff would not be entitled to assert a lien for work done on the debtor's premises. Given that Wis.Stat. § 779.41 is silent on the issue, the Court is constrained to interpret the statute in accordance with general common law principles relating to such liens. The plaintiff never had lien rights against the debtor's property, and the subsequent dishonor of the check has no impact upon the plaintiff's status as an unsecured creditor.

Accordingly, the plaintiff's motion to determine the validity of its lien is denied, and the adversary proceeding is dismissed. The parties shall bear their own costs.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.